Neely v. Lewis.

---

BENAJAR NEELY, impleaded, &c., appellant, *v.* JAMES G. LEWIS, appellee.

*Appeal from Pope.*

A. holding a sealed note against B. as principal, and two others as sureties, it was agreed that the same might be renewed. A new note was drawn, executed by the principal and one of the sureties, and left with A. for execution by the other surety. When so executed it was to be in lieu of the old note: *Held*, that the note could not be delivered to the obligee as an escrow.

DEBT, in the Pope Circuit Court, brought by the appellee against the appellant, and John G. Neely, and heard before the Hon. William A. Denning at the October term, 1848, upon a demurrer to pleas, which are stated in the Opinion of this Court. The demurrer was sustained, and judgment rendered for the plaintiff below for $123, debt, and $12·03 damages. From this judgment, Benajar Neely took an appeal.

*W. B. Scates,* for the appellant, cited *Pawling* v. *The United States,* 2 Peters' Cond. R. 92.

*T. G. C. Davis,* for the appellee, relied upon the case of *Moss* v. *Riddle,* 2 Peters' Cond. R. 277.

The Opinion of the Court was delivered by

CATON J.   This declaration is in the usual form in *debt* on a sealed note or obligation against the appellant and John G. Neely.   The appellant pleaded, substantially, that previous to the making of the instrument declared on, the plaintiff held another note executed by the defendants and one William H. Neely, in 'which John G. Neely was principal and the others were sureties; that it was agreed between the plaintiff and the makers of that note that the same should be renewed by their giving a new note, and that, in pursuance of such agreement, the note now in suit was made by the defendants below, and William H. Neely not being present, the note was left with the plaintiff to obtain its execution by William H. Neely, and when thus executed, it was to be in lieu of the former note; that this note was never executed by the other surety, and hence is of no effect.

A demurrer was sustained to these pleas, which is here assigned for error, and in determining the propriety of this decision, we have only to ascertain whether in law this obligation was delivered to Lewis as an escrow, or whether it became operative at that time.

It was admitted upon the argument, that it is a settled rule of the Common Law, that a deed cannot be delivered to the grantee as an escrow, but it was insisted that this rule ought not to be applied to a sealed instrument for the payment of money, which may be negotiated.   But it seems to us, that that question is determined by the Supreme Court of the United States in the case of *Moss* v. *Riddle,* 2 Peters' Cond. R. 277.   There the suit was upon a joint bond for the payment of money, executed by Welch and Moss.   The latter pleaded that he signed and sealed the bond, and delivered it to Joseph Riddle, one of the plain-

tiffs, as an escrow, to be his act and deed on condition that it should be afterwards signed, sealed, and delivered by some other friend, of Welsh, which was not done, and so the said writing was void as to him, the said Moss. This plea was held to constitute no defence, upon the ground solely that a bond cannot be delivered to an obligee as an escrow. That case was precisely analogous to the one before us. That was a specialty or deed for the payment of money only, and so is this. Whether in that case the instrument was negotiable or not, we have no means of determining, but we can perceive no reason why its negotiability should exempt it from the operation of the rule; but if that circumstance should have any influence, it would rather seem to be the other way.

The jugment is affirmed with costs.

*Judgment affirmed.*